UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 15-6-DLB-1

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                           **MAGISTRATE JUDGE'S**
                         **REPORT AND RECOMMENDATION**

JEROME JOHNSON,                                                        DEFENDANT.

On April 9, 2015, a grand jury sitting in Covington, Kentucky, returned an indictment charging the Defendant, Jerome Johnson, with two counts of mailing threatening communications to two United States Probation Officers and a United States District Judge, in violation of 18 U.S.C. § 876©. [R. 7].  The matter then came before the Court for an arraignment on April 16, 2015, at which time the Court granted counsel's motion for a competency evaluation to determine whether Jerome Johnson is suffering from a mental disease or defect rendering him mentally incompetent and unable to understand the nature and consequences of the proceedings, or to assist in his defense. [R. 13].  In addition, the Court directed the evaluator(s), by separate finding, to express opinions regarding whether, at the time of the alleged offenses, Johnson had the mental capacity to form the intent to engage in the charged conduct. [R. 13].

On August 18, 2015, a psychiatric report was filed with the Court, and the matter came for a competency hearing on October 15, 2015. [R. 22].  At the hearing, the Court heard the testimony of Dr. Christine Scionce, a psychologist with the Federal Bureau of Prisons, and Jerome Johnson.

Dr. Scionce performed an evaluation of Mr. Johnson for a period of time in excess of two months.  In this case, she was aware of his prior evaluations in which he had been found to be

competent, and reviewed mental health records generated during his prior incarcerations. Standardized testing was invalid as administered during her evaluation due to indications that he was responding randomly, possibly not understanding the questions. Despite the difficulty with testing, Dr. Scionce was able to reach opinions, within a reasonable degree of medical certainty, regarding his competency to proceed in this case. She diagnosed him as suffering Bipolar I disorder most recent episode manic with psychotic features, meaning that he has very severe mood symptoms, often becoming very reactive and agitated. He also experienced periods of time when he was severely depressed, was suicidal and exhibited severe symptoms of psychosis. Dr. Scionce stated that although Mr. Johnson presently understands the roles and participants of all individuals involved in his trial, he indicated beliefs that he was being prosecuted because former President Bush and the CIA wanted to silence him. He also stated that he believed himself to be the target of a planned assassination, and is being prosecuted under a secret indictment. Although he was taking a mood stabilizer during his evaluation, Mr. Johnson would not take anti-psychotic medication which, according to Dr. Scionce, explains his psychotic symptoms during the evaluation. Ultimately, Dr. Scionce expressed her opinion that she was not concerned due to any lack of Johnson's knowledge, but rather that his decisions should he proceed to trial now, would be driven by mental illness rather than a knowing contemplation of options and free will. Additionally, she believes that he can become competent with a period of treatment as allowed by applicable law for up to four months prior to reevaluation of his competency.

      Mr. Johnson testified on his own behalf, expressing his understanding of the title and role of the various participants that would take part in the trial of his case. He understood that the Prosecutor prosecutes the charges against him, the Court hears the case and renders a decision,

and his attorney defends him against the charges.  He expressed an opinion that he is competent to understand the nature of the charges, the penalties and to assist in his own defense.  He stated that he would like to proceed with the case without further delay.

Having conducted an evidentiary hearing in accordance with 18 U.S.C. § 4247(d), to hear evidence bearing on the Defendant's competency to understand the nature of charges in the matter and assist in his defense, the issue now before the Court is the Defendant's competency to proceed to trial.  The consequences of being mentally incompetent are reflected in the statutory authority under 18 U.S.C. §4241(d), which requires that "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.  The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward..." Id.  The consequences of being found competent to stand trial would be to allow the prosecution to proceed.  The Court must now made a determination of the accused's mental competency to stand trial by a preponderance of the evidence. 18 U.S.C. §4241(d). In doing so, the Court is cognizant that precedent illustrates that  "a criminal defendant is incompetent if he lacks 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or if he does not have a 'rational as well as factual understanding of the proceedings against him.'" United States v. Miller, 531 F.3d 340, 348 (6th Cir. 2008) (*quoting* Drope v. Missouri, 420 U.S. 162, 172 (1975).  The "bar for incompetency is

high," and "a defendant is not rendered incompetent to stand trial merely because he cannot get along with counsel or disapproves of counsel's performance. Id. at 350, 349. In reaching a decision regarding a defendant's competency, a court may "consider several factors, including 'evidence of a defendant's irrational behavior, demeanor at trial, and any prior medical opinion on competence to stand trial. United States v. Wilson, 402 F. App'x 69, 74 (6th Cir.2010)(*quoting* Miller, 531 F.3d at 348).

Turning now to the evidence of Mr. Johnson's competency, the Court is aware that he has been previously evaluated and found to be competent to proceed in prior prosecutions. In addition, the record is unrefuted that he possesses knowledge critical to his ability to proceed and assist in his defense, including a knowledge and understand of the roles of the prosecutor, his attorney, the judge and the jury. However, evidence of delusional thinking is also un-refuted and of grave concern. As related by Dr. Scionce, during his evaluation, Mr. Johnson expressed his beliefs that he was being prosecuted because former President Bush and the CIA wanted to silence him, and that he believed himself to be the target of a planned assassination, or is being prosecuted under a secret indictment. This type of delusional thinking, according to Dr. Scionce could lead him to make important decisions in his case guided by his mental illness rather than a knowing contemplation of options and free will. The evidence thus shows, by a preponderance of the evidence that Mr. Johnson lacks sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and does not exhibit a rational as well as factual understanding of the proceedings against him. United States v. Miller, 531 F.3d 340, 348 (6th Cir. 2008) (*quoting* Drope v. Missouri, 420 U.S. 162, 172 (1975).

As a result, the Court, upon consideration of the record in this action, RECOMMENDS that in accordance with 18 U.S.C. § 4241(d) Jerome Johnson be committed to the custody of the

Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

IT IS ORDERED that the matter shall come for a status hearing before the undersigned on Thursday, February 18, 2016, at the hour of 10:30 a.m. in Ashland, Kentucky.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813,815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir.2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir.1995).

Signed October 20, 2015.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge

5